UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk,    #295567,<br><br>                              Plaintiff,<br><br>vs.<br><br>Gwen T. Hyatt;<br>DHO Ms. Glidewell;<br>Sgt. S. Terry;<br>Associate Warden Mr. Lewis;<br>IGC Ms. Culbreath;<br>IGC Ms. Holmes;<br>Major Frank Musier;<br>Mr. J. Michael Baxley;<br>Attorney General's Office;<br>Jon Ozmint, Director of SCDC;<br>Sgt. Cotter;<br>General Counsel of SCDC;<br>IGC at Perry Corrections;<br>Cpl. Yarbought, of Property Control at McCormick Prison,<br><br>                              Defendants. | C/A No.  3:11-508-SB-JRM<br><br><br><br><br><br><br><br><br><br><br>Report and Recommendation |

Shaheen Cabbagestalk, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Perry Correctional Institution (PCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted as to all Defendants except Sgt. S. Terry and Sgt. Cotter.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* Complaint is subject to partial summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The Complaint states that Plaintiff filed a "state tort claim" in the "Court of Common Pleas." ECF No. 1, page 3. However, "Clerk Gwen T. Hyatt and Judge J. Michael Baxley" allegedly confused Plaintiff's tort claim with a post conviction relief (PCR) application Plaintiff had pending before the state court. *Id.* As Plaintiff was represented by an attorney in the PCR action, Plaintiff was instructed to stop filing "writs, claims, etc. unless by [his] attorney." *Id.* Plaintiff was also told to "cease all communication with this clerk." *Id.*

Plaintiff next alleges that, on September 27, 2010, at McCormick Correctional Institution, Sgt. S. Terry filed "false charges" against Plaintiff for threatening to inflict harm on an SCDC official. *Id.* Plaintiff claims that the charge results from his refusal to get into a moldy shower and denies making any type of threat toward an official. *Id.* On October 13, 2010, Plaintiff states that Defendant Terry "came to my cell sprayed me with a big can of mace in the face, [and] punched me in the face threw [sic] the food service flap." *Id.* Major Frank Musier later informed Plaintiff that he didn't have any charges and that Defendant Musier would "let [Plaintiff] down off lock up Don't worry." *Id.* Plaintiff was subsequently "given all [his] property" and relocated to "Dorm F-2." *Id.*

Upon being returned to the general population, Plaintiff attempted to leave his dorm to make copies of legal documents. *Id.* However, Plaintiff was placed into a holding cell and then returned to the Special Management Unit (SMU) for a "separation." *Id.* It appears from the pleading that

Plaintiff was being separated from Defendant Terry due to this Defendant's alleged assault on Plaintiff. *Id.* Plaintiff states that Defendant Terry, who "was not even suppose[d] to be around [him]," visited Plaintiff's SMU cell. *Id.* Plaintiff believes that Associate Warden Mr. Lewis aided this "fake separation." *Id.*

Plaintiff was charged with "another threatening to inflict harm charge/ disobeying a direct order" and appeared before Disciplinary Hearing Officer (DHO) Ms. Glidewell. *Id.* Plaintiff states that Defendant Glidewell found him guilty of the offenses, resulting in disciplinary detention and loss of privileges. *Id.* Plaintiff also indicates that he lost good time due "to the fake charges filed against [him] by Sgt. Terry." *Id.* at 5. Plaintiff claims that Defendant Glidewell refused to allow him to present witnesses and evidence in his defense during the disciplinary hearing. *Id.* at 3.

Plaintiff "was then sent to Perry Corrections where Sgt. S. Terry told [Plaintiff] that [he would] be killed here at Perry Corrections by [their] buddy Major Bush." *Id.* Plaintiff states that he has requested a separation by writing to the SCDC Director and various Perry Correctional Institution (PCI) officials. *Id.* Plaintiff believes that Major Bush's wife, who allegedly works at McCormick Correctional Institution (MCI), brings messages home to Major Bush from Defendant Terry requesting that Plaintiff be killed. *Id.* at 4.

Plaintiff discusses a laundry list of complaints associated with living conditions at PCI, and complains that an employee at MCI, Cpl. Ms. Yarbought, "purposely kept [Plaintiff's] address book" upon his transfer to PCI. *Id.* Plaintiff indicates that he has "filed grievances on all this [but] nothing happened." *Id.* Plaintiff states that "I.G.C.'s of McCormick Ms. Culbreath and Ms. Holmes purposely held" his grievances to frustrate Plaintiff's claims to exhaust his administrative remedies.

*Id.* Plaintiff makes similar claims regarding Institutional Grievance Coordinators (IGC) at PCI. *Id.* at 5.

Finally, Plaintiff alleges that Sgt. Cotter, a Perry Correctional Officer, has lost Plaintiff's legal work and destroyed "2 legal boxes by SMU policy and SCDC Policy of property." *Id.* Plaintiff states that Sgt. Cotter's actions have prejudiced Plaintiff's PCR case and have aided the "State Attorney General's Office." *Id.* Plaintiff indicates that "the Court's even contacted General Counsel to ask could they order officials [to] let [Plaintiff] get [his] paperwork. *Id.* Plaintiff also believes that he has been "smuggled" into SCDC, *Id.* at 4, and that he is being imprisoned illegally pursuant to an invalid commitment order. *Id.* at 5.

Plaintiff seeks monetary damages, return of his property, return of good time credits, and release from SCDC custody.[2]

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

---

[2] To the extent Plaintiff seeks immediate release from prison, habeas corpus is the exclusive remedy. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has named one Defendant, State Circuit Court Judge J. Michael Baxley, who is immune from suit under § 1983. Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). Plaintiff names Defendant Baxley for actions associated with Plaintiff's state tort claim and PCR action. As Defendant Baxley is absolutely immune from Plaintiff's claim for damages, this Defendant is entitled to summary dismissal from the instant case.

Plaintiff also alleges that Dillon County Clerk of Court, Gwen T. Hyatt, restricted Plaintiff's right to court access by directing Plaintiff to communicate with her office via his appointed PCR attorney. Plaintiff believes that Defendant Hyatt's actions resulted from her "mixing up" his state tort claim and PCR action," or for a "lack of understanding." ECF No. 1, pages 3, 5. Plaintiff provides no facts to indicate that Defendant Hyatt intentionally denied Plaintiff access to the Dillon County Court of Common Pleas. Instead, Plaintiff clearly explains that Defendant Hyatt confused documents Plaintiff intended to file as a state tort claim with a pending counseled PCR action. In any event, the doctrine of absolute quasi-judicial immunity has been adopted and made applicable

6

to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972) ). As Plaintiff cannot demonstrate denial of court access, and Dillon County Clerk of Court Gwen T. Hyatt is entitled to quasi-judicial immunity for actions associated with her official duties as Clerk of Court, this Defendant should be summarily dismissed from the instant action.

Plaintiff names DHO Ms. Glidewell for due process violations associated with his disciplinary hearing. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. This ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."). *See also Bryan v. SCDC*, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009)(noting that a § 1983 claim for injunctive relief related to a disciplinary hearing is also barred by *Heck* where a judgment in the plaintiff's favor would imply the invalidity of the disciplinary proceedings)(citation omitted)).

The Complaint alleges that Defendant Glidewell's refusal to allow Plaintiff to present any type of defense at his disciplinary hearing resulted in Plaintiff being subjected to disciplinary detention, loss of various privileges, and loss of good time credits. While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Since *Heck* applies in the instant circumstance, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, his § 1983 due process claim is barred by the holdings in *Heck* and *Edwards*.

Plaintiff next alleges that various Institutional Grievance Coordinators at both MCI and PCI have deliberately refused to process Plaintiff's grievance forms. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983"). Thus, Plaintiff's claims against IGC Ms. Culbreath, IGC, Ms. Holmes and IGC at Perry Corrections for frustrating his attempts to utilize the grievance procedure are also subject to summary dismissal.

Defendant Cpl. Yarbought is named in the instant action for purposely keeping Plaintiff's property, an address book, upon his transfer to PCI. The Due Process Clause of the Fourteenth

Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law). Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from a plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to the taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina has a remedy for personal property loss through the South Carolina Tort Claims Act). In the present case, Plaintiff claims that Defendant Yarbought intentionally and wrongfully kept Plaintiff's address book.

Plaintiff provides no factual allegations to indicate that Defendant Yarbought's actions were approved by prison policy or supervisory officials. As Plaintiff complains of an apparently unauthorized confiscation of his property, for which he has a meaningful post-deprivation remedy, Plaintiff's deprivation of property claim against Defendant Yarbought should be dismissed for failure to state a claim upon which relief may be granted.

Defendant Jon Ozmint, former Director of SCDC, appears to be named in his official capacity as the individual responsible for Plaintiff's illegal confinement. While Plaintiff provides no indication that Defendant Ozmint acted personally in the deprivation of Plaintiff's rights, he appears to believe that Defendant Ozmint is liable in his capacity as director/ supervisor of SCDC. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint contains no facts regarding Defendant Ozmint which would satisfy the above criteria. Therefore, Defendant Ozmint is not liable in his capacity as supervisor or director of SCDC and the Complaint against him should be dismissed.

Finally, the Complaint names Defendants Associate Warden Mr. Lewis, Major Frank Musier, General Counsel of SCDC, and the Attorney General's Office, but fails to provide sufficient factual information to state a cognizable § 1983 claim against these Defendants. Defendant Musier is named for informing Plaintiff that he would be released from lock-up, because no charges were

pending, and Defendant Lewis is the official responsible for letting Plaintiff out of lock-up and for directing Plaintiff to "stay out of trouble." Plaintiff alleges that the Attorney General's Office has benefitted from the loss or destruction of Plaintiff's legal records, but provides no facts to show that the Attorney General's Office had any involvement in, or even had knowledge of, the loss of Plaintiff's property. Finally General Counsel of SCDC is listed in the Complaint for allegedly receiving a phone call from a state court regarding Plaintiff's receipt of paperwork. None of these allegations is sufficient to demonstrate a violation of Plaintiff's constitutional rights.

Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Thus, Plaintiff's claims against Defendants Lewis, Musier, Attorney General's Office, and General Counsel of SCDC are subject to summary dismissal.

Plaintiff provides sufficient information to withstand summary dismissal as to Defendant Sgt. S. Terry, who allegedly used excessive force against Plaintiff, and Defendant Sgt. Cotter, who allegedly destroyed Plaintiff's property pursuant to an SCDC policy.

11

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process for the following Defendants: Gwen T. Hyatt; DHO Ms. Glidewell; Associate Warden Mr. Lewis; IGC Ms. Culbreath; IGC Ms. Holmes; Major Frank Musier; Mr. J. Michael Baxley; Attorney General's Office; Jon Ozmint, Director of SCDC; General Counsel of SCDC; IGC at Perry Corrections; and Cpl. Yarbought of Property Control at McCormick Prison. Process shall issue for service on Defendants Sgt. S. Terry and Sgt. Cotter. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

March 28, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).