IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 APR 27  P 1: 45

Shaheen Cabbagestalk, #295567,　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　Civil Action No. 3:11-508-SB-JRM
Gwen T. Hyatt; DHO Ms. Glidewell;　)
Sgt. S. Terry; Associate Warden Mr.　)
Lewis; IGC Ms. Culbreath; IGC Ms.　)　**ORDER**
Holmes; Major Frank Musier; Mr. J.　)
Michael Baxley; Attorney General's　)
Office; Jon Ozmint, Director of SCDC;　)
Sgt. Cotter; General Counsel of SCDC;　)
IGC at Perry Corrections; Cpl.　　　)
Yarbought, of Property Control at　　)
McCormick Prison,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　)
_____)

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. Pursuant to Local Civil Rules and 28 U.S.C. § 636(b)(1)(B), this matter was referred to a United States Magistrate Judge for preliminary determinations. On March 28, 2011, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the Plaintiff's complaint and recommending that it be summarily dismissed for failure to state a claim as to all Defendants except Sgt. S. Terry and Sgt. Cotter. On April 15, 2011, the Plaintiff filed written objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written

objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

The Plaintiff filed the above-captioned action on March 7, 2011, alleging various claims including the following: that certain Defendants confused a state court tort action of his with his pending post-conviction relief ("PCR") application and prevented him from filing additional documents; that Sgt. S. Terry filed "false charges" against him for threatening to inflict harm on an SCDC official, as a result of the Plaintiff's failure to get into a fungus-filled shower; that Sgt. S. Terry sprayed him with a big can of mace and punched him; that he lost "good time" due to the fake charges filed against him; that Cpl. Ms. Yarbought purposely took his address book and kept it from him; that certain Defendants have withheld his grievances; and that certain Defendants have lost his legal work.

In the R&R, the Magistrate Judge addressed each of the Plaintiff's myriad claims and the relevant law. First, the Magistrate Judge determined that Defendant J. Michael Baxley, who is a state court circuit judge, is entitled to absolute judicial immunity. The Magistrate Judge also determined that Gwen T. Hyatt, the Dillon County Clerk of Court, is entitled to quasi-judicial immunity with respect to the Plaintiffs' claims concerning the alleged confusion of his state court tort action with his pending PCR application. Next, the Magistrate Judge determined that Heck v. Humphrey, 512 U.S. 477, 487 (1994), bars the Plaintiff's claim against DHO Ms. Glidewell related to his alleged loss of good time credit based on a disciplinary hearing. See Bryan v. SCDC, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632, at *5 (D.S.C. Sept. 29, 2009) (noting that Heck precludes a section 1983 claim regarding a prison disciplinary hearing that has not been previously

invalidated). The Magistrate Judge next evaluated the Plaintiff's claims concerning the grievance procedure, noting that inmates have no constitutionally-protected right to a grievance procedure. Thus, the Magistrate Judge recommended summarily dismissing the Plaintiff's claims against IGC Ms. Culbreath, Ms. Holmes, and IGC at Perry Corrections. With respect to the Plaintiff's claim against Defendant Cpl. Yarbought (for purposely taking and keeping the Plaintiff's address book), the Magistrate Judge noted that the Plaintiff has a meaningful and adequate state court remedy, which satisfies due process concerns, insofar as he may bring a state court action for the recovery of his personal property from the official who has deprived him of it. Next, the Magistrate Judge determined that the Plaintiff failed to state a supervisory liability claim against Defendant Jon Ozmint and that the Plaintiff failed to provide sufficient factual information to state a section 1983 claim against Defendants Associate Warden Mr. Lewis, Major Frank Musier, General Counsel of SCDC, or the Attorney General's Office. Lastly, however, the Magistrate Judge determined that the Plaintiff has provided sufficient information to withstand summary dismissal with respect to Defendants Sgt. S. Terry, who allegedly used excessive force, and Defendant Sgt. Cotter, who allegedly destroyed the Plaintiff's religious beads pursuant to an SCDC policy. Accordingly, the Magistrate Judge recommended that the Court summarily dismiss all of the Defendants except for Terry and Cotter.

The Plaintiff filed written objections to the R&R; however, a review of these objections indicates that they are without merit. The Plaintiff merely rehashes his claims and includes additional unsupported allegations, such as a claim that Defendant Yarbought is crazy and is stalking him so she can put a hit out on his family and his allegation that the state court, his lawyer, and Heather M. Cannon have engaged in a conspiracy to deny him

his freedom. Although the Court must liberally construe the Plaintiff's claims, he must do more than make conclusory statements, and ultimately, the Court is not required to develop claims for the Plaintiff. Here, the Court finds that the Plaintiff has pointed to no legal or factual errors in the R&R sufficient to alter the Magistrate Judge's recommendations, and therefore, after a thorough review of the record, the Court adopts the R&R and incorporates it herein. Thus, based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 9) is adopted and incorporated; the Plaintiff's objections (Entry 12) are overruled; and this matter is dismissed without prejudice and without issuance and service of process as against the following Defendants: Gwen T. Hyatt; DHO Ms. Glidewell; Associate Warden Mr. Lewis; IGC Ms. Culbreath; IGC Ms. Holmes; Major Frank Musier; Mr. J. Michael Baxley; Attorney General's Office; Jon Ozmint, Director of SCDC; General Counsel of SCDC; IGC at Perry Corrections; and Cpl. Yarbought, of Property Control at McCormick Prison. Process shall issue for service on Defendants Sgt. S. Terry and Sgt. Cotter.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April 26, 2011
Charleston, South Carolina

4