IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    C/A No. 3:11-508-TMC<br>)<br>) |
| Sgt. S. Terry and<br>Sgt. Cotter, | )<br>)<br>)    **OPINION & ORDER**<br>) |
| Defendants. | )<br>) |

Plaintiff, an inmate proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On September 6, 2011, Defendants Sgt. S. Terry and Sgt. Cotter filed a Motion for Summary Judgment. (Dkt. # 53). On October 13, 2011, Plaintiff filed a response opposing Defendants' Summary Judgment Motion. (Dkt. # 78). On January 17, 2012, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending that Defendants' Summary Judgment Motion be granted. (Dkt. # 93). The Magistrate Judge also recommended denying Plaintiff's Motions for: Default Judgment and/or Summary Judgment (Dkts. # 20, 27, 31, and 43); Temporary Restraining Orders; Requests for Separation; and Preliminary Injunction; and to Enforce (Dkts. # 2, 19, 30, 39, 43, 49, 64, and 89). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 93 at 22).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit

the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As noted above, Plaintiff was advised of his right to file objections to the Report (Dkt. # 93 at 22). Plaintiff has filed objections to the Report and Recommendation, but it appears these objections may not have been timely filed.[1] Plaintiff's objections were due by February 3, 2010. Reviewing Plaintiff's objections, the court notes that the document was signed and dated February 1, 2010, but the prison mailroom date stamp shows it was not received by the prison mailroom until February 7, 2010. A pro se

---

[1]Plaintiff also has filed a motion for a fourteen-day extension. (Dkt. # 97). In reviewing his motion and objections, it appears Plaintiff is seeking an extension so that he can conduct additional discovery. Specifically, he wants to serve subpoenas in an effort to prove his claims. (Pl.'s Obj. at 1- 2). On October 6, 2011, the Magistrate Judge granted Plaintiff's Motion for an Extension of Time to Complete Discovery. (Dkt. # 74). The discovery deadline in this case was extended until November 21, 2011, and the Magistrate Judge noted that no further extension would be granted. (Dkt. # 74 at 3). Additionally, in this order, the Magistrate Judge specifically instructed Plaintiff on how he could obtain subpoenas. *Id.* at 4. Plaintiff has been allowed ample time to conduct discovery and his latest motion for an extension is simply untimely as the discovery deadline has passed and the parties have filed summary judgment motions. Accordingly, Plaintiff's motion for an extension is denied.

prisoner's pleading is considered filed at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Usually, it is only in the absence of evidence to the contrary in the form of prison logs or other records, that the date on which a prisoner signed the filing controls. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, there is evidence to the contrary - the prison mailroom date stamp on the envelope containing the objections is dated February 7, 2010. (Dkt. # 97 Attach. 1). This was four (4) days after Petitioner's deadline to file. While it appears that Plaintiff's objections are untimely, out of an abundance of caution, the court will review Plaintiff's objections.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The court has carefully reviewed Plaintiff's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report or merely restate his claims. For example, Plaintiff states he objects "to each and every part of this recommendation no matter what it is." However, the court was able to glean the following specific objection.

The Plaintiff argues that the Magistrate Judge did not look at all of his motions. The court has carefully reviewed the Report and the Magistrate Judge discussed every one of Plaintiff's pending motions: Dkt. # 2, 19, 20, 27, 30, 31, 39, 43, 49, 64, 65, and 89. (Report at 2-9). The Magistrate Judge denied the Plaintiff's Motions for Recusal (Dkt. # 49), to Amend (Dkt. # 64), and to Suppress (Dkt. # 65). (Report at 20). He also recommended that the Plaintiff's Motions for Default Judgment and/or Summary Judgment (Dkt. # 20, 27, 31, and 43), and for TROs, Separation, Preliminary Injunctions, and to Enforce (Dkt. # 2, 19, 30, 39, 43, 49, 64, and 89) be denied. *Id.* The court finds Plaintiff's objections to be without merit.

3

Accordingly, after a thorough review of the Report and the record in this case, the Plaintiff's objections are overruled and the court adopts the Report and incorporates it herein. Plaintiff's Motions for: Default Judgment and/or Summary Judgment (Dkts. # 20, 27, 31, and 43); Temporary Restraining Orders; Requests for Separation; and Preliminary Injunction; and to Enforce (Dkts. # 2, 19, 30, 39, 43, 49, 64, and 89) are **DENIED.** Defendants' Summary Judgement Motion (Dkt. # 53) is **GRANTED** and this action is dismissed with prejudice. Further, Plaintiff's Motion for an Extension (Dkt. # 97) is **DENIED** as untimely and moot.

    **IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

February 13, 2012
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.